EDWARD J. THOMAS v. SAMUEL W. AND FLETCHER M. HAIGHT.

A person who gives himself out as a partner in a firm doing business under the name of A. & Co., is an active, and not a dormant partner, and cannot retire from the concern without giving notice of the dissolution.

Such a person, when he retires, will still be liable for debts contracted in the name of the firm by the remaining partner, with dealers with the firm, unless actual notice of the dissolution be given to such dealers.

A person who has sold to the firm three several times after notice of who constituted the firm, is a dealer within the meaning of the rule.

THIS was an action of assumpsit tried at the New York Circuit, September, 1848. It was brought on a promissory note signed by S. W. Haight & Co., and was given for a bill of goods bought of the plaintiffs in 1843.

It appeared on the trial that a firm, under the style of S. W. Haight & Co., had been doing business in Rochester, consisting of S. W. H., who was the active partner, and F. M. H., who was the cashier of a bank in Rochester, and not taking any active part in the affairs of the company. In 1841, F.

4—vol. 2.

M. H. wrote to a person in New York that he was a partner in the concern. That letter was shown to the plaintiff, on the strength of which he sold to S. W. H. three bills of goods in 1841, '42, and '43, for the last of which this note was given.

On the part of the defendants it was proved that in September, 1841, F. M. H. sold out his interest in the concern, but gave no notice of the dissolution until 1842, when it was published in a newspaper in Rochester, but there was no evidence that any notice had ever been given to the plaintiff.

*Edmonds, J.,* charged the jury that F. M. H. was not a dormant partner, and therefore entitled to withdraw without notice. That if the plaintiff was a dealer with the firm of S. W. H. & Co., knowing that F. M. H. was a partner, he was entitled to actual notice of the dissolution, in default of which F. M. H. was responsible to the plaintiff for any debt contracted in the name of the firm by the remaining partner, though after an actual dissolution. And if the jury believed that plaintiff had been such actual dealer, and had not received actual notice of the dissolution, their finding must be for him.

Verdict for plaintiff.